UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE DANIEL MOORE,

    Petitioner,

vs.

JEFF WHITE,

    Respondent.

_____/

Civil Action No.
08-CV-12597

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER**
**DENYING PETITION FOR WRIT OF HABEAS CORPUS**

George Daniel Moore ("Petitioner"), presently confined at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for armed robbery, M.C.L. § 750.529. For the reasons stated below, the petition for writ of habeas corpus is summarily dismissed.

## I. Background

Petitioner pled guilty to one count of armed robbery in the Wayne County Circuit Court and was sentenced to four to twenty years in prison. Petitioner's delayed application for leave to appeal was denied. *People v. Moore,* No. 281239 (Mich.Ct.App. Nov. 13, 2007); *lv. den.* 480 Mich. 1136 (2008).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

    I. There was an insufficient factual basis to support the plea to armed robbery.

    II. M.C.L. § 750.530(2) is unconstitutional.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp.2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. § 2254. The Sixth Circuit, in fact, long ago indicated that district courts should "ma[k]e a careful examination of the petition" before requiring the respondent to answer. *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). A district court therefore must screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

Having undertaken the review required by Rule 4, this Court concludes that petitioner's habeas claims are meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp.2d 524, 525 (E.D. Mich. 2005).

Petitioner first contends that his guilty plea should be vacated because of an inadequate factual basis for the plea. There is no federal constitutional requirement that a factual basis be established to support a guilty plea. *Holtgreive v. Curtis,* 174 F. Supp.2d 572, 582 (2001). "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and

statutes." *United States v. Tunning,* 69 F.3d 107, 111 (6th Cir. 1995). The trial court's alleged failure to establish a sufficient factual basis to support petitioner's guilty plea does not provide a basis for habeas relief because there is no federal constitutional requirement that a factual basis supporting a guilty plea be established, or that the defendant admit factual guilt, so long as the plea is intelligently and voluntarily made. *Holtgreive,* 174 F. Supp.2d at 583. Petitioner is not entitled to habeas relief on his first claim.

Petitioner next contends that M.C.L. § 750.530(2) is unconstitutional because it is impermissibly vague. The statute in question states:

**750.530. Robbery**

Sec. 530. (1) A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear, is guilty of a felony . . . .

(2) As used in this section, "in the course of committing a larceny" includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property.

This is Michigan's unarmed robbery statute. Petitioner was convicted of armed robbery, M.C.L. § 529, which states:

**750.529. Armed robbery**

A person who engages in conduct proscribed under section 530 [M.C.L. § 750.530] and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon, is guilty of a felony . . . .

Petitioner contends that M.C.L. § 750.530(2)'s definition of robbery is vague and open-ended

3

because a defendant could shoplift an item from a store on one day, and if confronted by the store's owner several days later, be charged with robbery if he used force to resist the owner.

The Supreme Court has indicated that "[t]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357 (1983). However, "[i]t is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Powell*, 423 U.S. 87, 92 (1975) (citations omitted). Therefore, with the exception of cases involving First Amendment guarantees, a defendant bears the burden of establishing that the statute is vague as applied to his or her particular case, not merely that the statute could be construed as being vague in some hypothetical situation. *See United States v. Krumei,* 258 F.3d 535, 537 (6th Cir. 2001).

Petitioner's vagueness challenge fails because his claim is merely hypothetical. Petitioner does not allege that the armed robbery statute was applied against him in this manner. Indeed, from the face of the petition, it appears that petitioner stole two "Slim Jims" from the store and was confronted by store security outside of the store, where petitioner apparently used force to attempt to avoid arrest. Under these circumstances, M.C.L. § 750.530(2), as applied to petitioner, was not unconstitutionally vague. *See Becker v. Lockhart,* 971 F.2d 172, 174-75 (8th Cir. 1992) (Arkansas robbery statute, which applied to threat or use of physical force in committing a felony or misdemeanor theft or "resisting apprehension immediately thereafter," was not unconstitutionally vague in failing to define term "immediately," as applied to shoplifter's outburst of violence occurring five to fifteen minutes after the theft). Petitioner is not entitled to habeas relief on his

4

second claim.

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A district court may deny a certificate of appealability *sua sponte. See Dell v. Straub,* 194 F. Supp.2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp.2d at 659. It would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after dismissing a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See Alexander v. Harris,* 595 F.2d 87, 91 (2nd Cir. 1979). The Court will also deny petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *Dell,* 194 F. Supp.2d at 659.

## IV. ORDER

For the reasons stated above,

IT IS ORDERED that the petition for a writ of habeas corpus is denied with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that Petitioner will be denied leave to appeal *in forma pauperis.*

                                                  s/Bernard A. Friedman
                                                  Bernard A. Friedman
                                                  United States District Judge

Dated: June 23, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 23, 2008, by electronic and/or ordinary mail.

                                                  s/Carol Mullins
                                                  Case Manager